UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA M. MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>CHERYLE GERING, Secretary of the South Dakota Judicial Qualifications Commission, individual and official capacity; ROBERT MORRIS, Chair, South Dakota Judicial Qualifications Commission, individual and official capacity; TIMOTHY ENGEL, Vice Chair, South Dakota Judicial Qualifications Commission, individual capacity; PAUL BACHAND, official capacity; HON. BOBBI RANK, Member, South Dakota Judicial Qualifications Commission, individual and official capacity; RORY KING, Member, South Dakota Judicial Qualifications Commission, individual and official capacity; RALEIGH HANSMAN, Member, South Dakota Judicial Qualifications Commission, individual and official capacity; ERIC DENURE, Member, South Dakota Judicial Qualifications Commission, individual and official capacity; LORI GRODE, Executive Assistant, South Dakota Judicial Qualifications Commission, individual and official capacity; SOUTH DAKOTA SUPREME COURT,<br><br>Defendants. | 4:25-CV-04150-ECS<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Joshua M. Moore filed a pro se lawsuit alleging claims under 42 U.S.C. § 1983.

Doc. 1. Moore also filed a motion for leave to proceed in forma pauperis. Doc. 2.

## I.     Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Moore's financial affidavit, this Court finds that he has insufficient funds to pay the filing fee. Thus, Moore's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.    1915 Screening

### A.    Factual Background as Alleged by Moore

Moore filed a complaint with the South Dakota Judicial Qualifications Commission (JQC) "concerning judicial misconduct related to a warrant application." Doc. 1 at 3. In a supplemental filing, Moore attaches a letter from the JQC, dated April 25, 2025, informing Moore that it had received his complaint and would consider it in due course. Doc. 5 at 9. The April 25 letter informed Moore that

> all proceedings involving [his] complaint to the Commission are confidential pursuant to Rule III(1) of the Rules of Procedure of the Judicial Qualifications Commission. This Rule states, in relevant part, "All participants shall conduct themselves so as to maintain the confidentiality of the proceeding. Any violation by any person of the requirement of confidentiality shall constitute contempt and shall be punishable as such by the Supreme Court."

Id.

"On or about June 18, 2025, the JQC dismissed [Moore's] complaint and expunged it, sending [Moore] a letter dated June 20, 2025, notifying him of the dismissal." Doc. 1 at 3. The letter[1] informed Moore that he "is considered a 'participant' in the JQC proceedings and that all participants must maintain confidentiality regarding the proceedings, subject to contempt sanctions for violations." Id. But Moore claims that he "is not a party or a participant as that term is legally understood and had no prior notice that filing a complaint would result in a gag order." Id. at 4. The letter also "demands that [Moore] refrain from disclosing any information about the complaint, its dismissal, or related documents." Id.

Moore claims that the defendants acted under color of state law in issuing the letter of dismissal and threatening criminal contempt, and that the JQC's "attempt to impose a confidentiality requirement on him" violates his First Amendment rights. Id. at 2, 4. Moore contends that "[t]he threat of contempt chills [his] free speech rights[,]" and that "the JQC's confidentiality rule is not narrowly tailored and operates as an unconstitutional prior restraint on [his] right to speak about matters of public concern." Id. at 4. While Moore does not make clear exactly what information he would like to share, or for what purpose, it appears to this Court that he wishes to share the letter of dismissal he received from the JQC, facts regarding his complaint and its dismissal, and documents related to the proceedings. See id. at 2, 4.

Moore sues Cheryle Gering, Robert Morris, Timothy Engel, Bobbi Rank, Rory King, Raleigh Hansman, Eric DeNure, and Lori Grode, whom he describes as "members and officers of the South Dakota Judicial Qualifications Commission," in their individual and official capacities. Id. at 3. Moore also names the South Dakota Supreme Court as a defendant. Id.

---

[1] While Moore included the April 25, 2025 letter informing him that the JQC had received his complaint in his supplemental filing, see Doc. 5 at 9, Moore does not provide the June 2025 letter informing him of the dismissal of his complaint.

Moore requests that the Court "[d]eclare that the JQC confidentiality rule and letter's demand for silence violate[s Moore's] First Amendment rights[,]" and "[e]njoin Defendants from enforcing the confidentiality requirement or threatening [Moore] with contempt for disclosure[.]" Id. at 5. Additionally, Moore requests nominal damages and attorney's fees and costs. Id.

**B.    Legal Standard**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). A court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

4

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Twombly, 550 U.S. at 556).

### C.    Legal Analysis

#### 1.    Claims Against the South Dakota Supreme Court

Moore brings claims against the South Dakota Supreme Court in its "institutional capacity," and seeks declaratory relief, injunctive relief, and nominal damages pursuant to 42 U.S.C. § 1983. Doc. 1 at 2, 3.

5

Under 42 U.S.C. § 1983, a "person" acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. "But [the Eighth Circuit] has said that a court is not a 'person' subject to suit under § 1983." Harmon v. Preferred Fam. Healthcare, Inc., 125 F.4th 874, 881 (8th Cir. 2025) (citing Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993)). Even if a court was a "person" within the meaning of 42 U.S.C. § 1983, an action against it "would be barred by the Eleventh Amendment, anyway." Clark, 984 F.2d at 273; see also Harris v. Mo. Ct. of Appeals, W. Dist., 787 F.2d 427, 429 (8th Cir. 1986) (observing that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). Therefore, Moore's claims against the South Dakota Supreme Court are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii).

### 2.    Claims Against Individual Defendants

### a.    Claims Against Lori Grode

Moore names Lori Grode as a defendant, whom he describes as the Executive Assistant for the JQC. Doc. 1 at 1.[2] While Moore refers to "the JQC" in his complaint, see generally id., he does not provide facts demonstrating how Grode, in her role as Executive Assistant, not as a member of the JQC, was involved in "impos[ing] a confidentiality requirement" on Moore and causing a "chilling effect" on Moore's speech. Id. at 2. Besides including Grode in the case

---

[2] Later in his complaint, Moore states that "Cheryle Gering, Robert Morris, Timothy Engel, Hon. Bobbi Rank, Rory King, Raleigh Hansman, Eric DeNure, and Lori Grode are members and officers of the South Dakota Judicial Qualifications Commission[.]" Doc. 1 at 3. But Grode is not a member of the JQC, see Judicial Qualifications Commission, S.D. Unified Jud. Sys., https://ujs.sd.gov/judicial-qualifications-commission/ (last visited July 6, 2026); see also Doc. 5 at 9, and other than including Grode in the list of "members and officers" of the JQC, Moore does not allege elsewhere in his complaint that Grode is a member of the JQC. See generally Doc. 1.

caption and including her name when stating in which capacities he sues the defendants, id. at 1, 3, Moore makes no other reference to Grode in his complaint. See generally id.

To provide a defendant with notice as required by the Federal Rules of Civil Procedure, a plaintiff must do more than place a defendant's name in the caption. See Mencin v. City of Troy Police, No. 4:24-CV-852, 2024 WL 4370846, at *3 (E.D. Mo. Oct. 2, 2024) ("Simply placing a defendant's name in the caption is not enough to assert their responsibility."); Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003) (per curiam) (holding that a plaintiff "failed to state any claim whatsoever" against defendants when "he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations."). Therefore, Moore's claims against Grode, in both her individual and official capacities, are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

> **b.    Individual Capacity Claims Against Gering, Morris, Engel, Rank, King, Hansman, and DeNure**

Moore sues Gering, Morris, Engel, Rank, King, Hansman, and DeNure in their individual capacities and seeks both monetary and injunctive relief. Doc. 1 at 3, 5. But "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." Brown v. Montoya, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011); see also Cmty. Mental Health Servs. v. Mental Health & Recovery Bd., 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity."). Therefore, Moore's request for injunctive relief against the defendants in their

7

individual capacities is dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, Gering, Morris, Engel, Rank, King, Hansman, and DeNure are entitled to quasi-judicial immunity.  The doctrine of quasi-judicial immunity "extends judicial immunity 'to officials other than judges . . . because their judgments are functionally comparable to those of judges—that is, because they, too, exercise a discretionary judgment as part of their function.'" Hamilton v. City of Hayti, 948 F.3d 921, 928 (8th Cir. 2020) (alteration in original) (quoting Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1993)).  In other words, judicial immunity "extends to others who perform functions closely associated with the judicial process [and] [j]udges and officials who have duties that are functionally comparable to those of judges are entitled to absolute immunity." Moore v. Yardely, 376 F. Supp. 3d 1004, 1009 (D. Neb. 2019) (alterations in original) (quoting Simes v. Ark. Jud. Discipline & Disability Comm'n, No. 4:10CV01047 JFB, 2012 WL 4469264, at *6 (E.D. Ark. Sep. 27, 2012), aff'd, 734 F.3d 830 (8th Cir. 2013)).[3]  Recognizing the "adjudicatory functions" performed by members of the Nebraska Judicial Qualifications Commission Disciplinary Board, as well as the importance of allowing members of the Commission to make determinations about judicial complaints "without fear of intimidation or harassment and free from political influence[,]" the court in Yardley determined that a member of the Commission was entitled to quasi-judicial immunity for actions she took pursuant to her role on the Commission. Id. at 1009–11.  Therefore, Moore's individual capacity claims against Gering, Morris, Engel, Rank, King, Hansman, and DeNure for both monetary and

---

[3] Further, the Appendix to SDCL Chapter 16-1A provides that "[t]he members of the Special Committee and Commission, their counsel, and all staff persons assisting them shall have absolute immunity from civil liability for all acts undertaken in the course of their official duties pursuant to these rules." Appendix to SDCL Chapter 16-1A § V(1). While "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law[,]" Martinez v. California, 444 U.S. 277, 284 n.8 (1980) (citation omitted), this provision is relevant when considering the role of the JQC as contemplated by the South Dakota legislature.

8

injunctive relief are also dismissed because the defendants are entitled to quasi-judicial immunity.

### c.    Official Capacity Claims Against Gering, Morris, Bachand, Rank, King, Hansman, and DeNure

Moore sues Gering, Morris, Engel,[4] Rank, King, Hansman, and DeNure in their official capacities and seeks monetary damages. Doc. 1 at 3, 5. Moore sues these defendants for actions they took as members of the JQC, which was created by the South Dakota Legislature. See SDCL § 16-1A-2. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, Moore's official capacity claims against the defendants are construed as claims against the State of South Dakota. Id. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. The State of South Dakota has not waived its sovereign immunity. Therefore, Moore's claims against Gering, Morris, Bachand, Rank, King, Hansman, and DeNure in their official capacities for monetary damages are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[4] Engel is no longer a member of the JQC. See Judicial Qualifications Commission, S.D. Unified Jud. Sys., https://ujs.sd.gov/judicial-qualifications-commission/ (last visited July 6, 2026). Paul Bachand, who was appointed to the JQC on November 12, 2025, id., is substituted for Engel on the official capacity claims in accordance with Federal Rule of Civil Procedure 25(d). Fed. R. Civ. P. 25(d).

9

Moore also seeks injunctive relief from Gering, Morris, Bachand, Rank, King, Hansman, and DeNure in their official capacities. Doc. 1 at 3, 5. The exception established in Ex parte Young "permits some actions for prospective injunctive relief against state officials acting in their official capacities, so long as the official has 'some connection with the enforcement' of the challenged law." Bio Gen LLC v. Sanders, 142 F.4th 591, 604 (8th Cir. 2025) (citing Ex parte Young, 209 U.S. 123, 157–59 (1908); Monroe v. Ark. St. Univ., 495 F.3d 591, 594 (8th Cir. 2007)). "For a sufficient connection to the enforcement of the challenged law, an officer must have 'methods of enforcement' for the challenged law at its disposal." Id. (quoting Church v. Missouri, 913 F.3d 736, 749 (8th Cir. 2019)).

Here, members of the JQC lack the methods of enforcement necessary for the Ex parte Young exception to apply. Rule III(1) of the Rules of Procedure of the Judicial Qualifications Commission provides that "[a]ny violation by any person of the requirement of confidentiality shall constitute contempt and shall be punishable as such by the Supreme Court." Appendix to SDCL Chapter 16-1A § III(1) (emphasis added). Further, SDCL § 16-1A-4 provides that it is the Supreme Court, not the JQC, that "shall . . . make rules implementing and enforcing the powers of the commission[ and] provide for confidentiality of proceedings[.]" SDCL § 16-1A-4. While "the official need not have primary enforcement authority or even the full power to redress the plaintiff's injury[,]" an official must have methods of enforcing the statute, such as the authority to direct how subordinates enforce a statute, in order to be a proper Ex parte Young defendant. Cunningham v. Kahler, 171 F.4th 1115, 1119–20 (8th Cir. 2026) (citations omitted); see also McDaniel v. Precythe, 897 F.3d 946, 952 (8th Cir. 2018) (the Ex parte Young exception applies when an official has the authority to implement the statute at issue); Digit. Recognition Network, Inc. v. Hutchinson, 803 F.3d 952, 961 (8th Cir. 2015) (stating that a governor "has some

10

connection to the enforcement of the [state] Constitution because he may direct the attorney general to file suit to enjoin application of an unconstitutional state statute." (discussing Citizens for Equal Prot. v. Bruning, 455 F.3d 859 (8th Cir. 2006))). Members of the JQC do not have the authority to implement the contempt proceedings or to enforce the confidentiality provision – that method of enforcement lies with the Supreme Court. Where, as here, an official's responsibility is "inert" until another official or governmental entity "sets its enforcement mechanism in motion[,]" that official lacks the requisite connection for the Ex parte Young exception to apply. Bio Gen LLC, 142 F.4th at 605 ("The Governor's responsibility under Act 629 is inert until ATC sets its enforcement mechanism in motion. So, it is not the Governor's enforcement mechanism but ATC's enforcement mechanism."). See also Minn. Chapter of Associated Builders & Contractors v. Ellison, 153 F.4th 695, 701 (8th Cir. 2025) (finding that although a statute provided the official with the ability to conduct investigations to ensure compliance with a statute, this investigatory function "'does not rise to the level of compulsion or constraint' needed for enforcement[]" (citation omitted)).

Therefore, Gering, Morris, Bachand, Rank, King, Hansman, and DeNure are not proper Ex parte Young defendants, and Moore's official capacity claims against them for injunctive relief are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    Conclusion

Accordingly, it is ORDERED

1.    That Moore's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

2.    That Moore's claims against the South Dakota Supreme Court are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii).

11

3. That Moore's claims against Grode, in both her individual and official capacities, are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. That Moore's individual capacity claims against Gering, Morris, Engel, Rank, King, Hansman, and DeNure for both monetary and injunctive relief are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5. That Paul Bachand is substituted for Timothy Engel on the official capacity claims in accordance with Federal Rule of Civil Procedure 25(d).

6. That Moore's claims against Gering, Morris, Bachand, Rank, King, Hansman, and DeNure in their official capacities for monetary damages are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

7. That Moore's official capacity claims for injunctive relief against Gering, Morris, Bachand, Rank, King, Hansman, and DeNure are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED July 22, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

12